# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-60982

United States Court of Appeals
Fifth Circuit

**FILED**
January 31, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

LINO GAMEZ,

Defendant – Appellant

Appeal from the United States District Court for the
Northern District of Mississippi
USDC No. 2:11-CR-166

Before JONES, WIENER, and GRAVES, Circuit Judges.

PER CURIAM:*

Lino Gamez was convicted by a jury on four counts of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b), and was sentenced to 120 months of imprisonment. On appeal, he challenges the instructions given to the jury on the elements of his offenses, evidence admitted at trial, and the district court's application of the Sentencing Guidelines. For the following reasons, we AFFIRM the judgment of the district court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60982

## BACKGROUND

Lino Gamez was charged in a six-count indictment in the Northern District of Mississippi.  Counts One and Two charged Gamez with "us[ing] a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of said sexually explicit conduct," in violation of 18 U.S.C. §§ 2251(a) and 2256(2)(E).[1]  Counts Three through Six charged Gamez with "travel[ing] in interstate commerce . . . for the purpose of engaging in an illicit sexual act with a person under 18 years of age," specifically statutory rape under Tennessee law, in violation of 18 U.S.C. § 2423(b).[2]  However, the penalty sheet attached to the indictment listed the statutory penalties for 18 U.S.C. § 2423(a) – "knowingly transport[ing] an individual who has not attained the age of 18 years in interstate . . . commerce . . . with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense" – rather than the penalties for § 2423(b).  Whereas a violation of § 2423(b) carries a penalty of imprisonment for not more than 30 years, a violation of § 2423(a) carries a penalty of imprisonment for not less than 10 years or for life.

At trial, T.G., a minor, testified that she and Gamez had an ongoing sexual relationship over the course of several months in 2011, when she was 14 years old.  Gamez was 22 years old at the time.  T.G. testified that Gamez would pick her up from her house in Walls, Mississippi, almost every day and

---

[1] Until 2003, 18 U.S.C. § 2256(2)(E) provided that "sexual explicit conduct" includes "lascivious exhibition of the genitals or pubic area of any person."  However, § 2256 was rewritten in 2003, eliminating subsection (2)(E).  Gamez was acquitted of the two counts charged under §§ 2251(a) and 2256(2)(E), and they are not at issue in this appeal; we therefore do not consider this discrepancy further.

[2] In fact, 18 U.S.C. § 2423(b) prohibits traveling in interstate commerce for the purpose of engaging in "any illicit sexual conduct with another person," and does not require that the person be under 18 years of age.

2

drive her to Memphis, Tennessee, where he would have sex with her.  T.G. also described finding sexually explicit photos and videos of her on her cell phone, which were apparently taken by Gamez without her knowledge.  Over Gamez's objection, T.G. testified that after her relationship with Gamez ended, she received mental health treatment at a hospital.  She explained that she was taking several psychiatric drugs that had been prescribed to her, but that these drugs did not affect her ability to remember the events of the previous year or to testify accurately.  Ryan Arton and Tom Bohlke, both FBI agents, testified that when they interviewed Gamez, he admitted to having sex with T.G. on several occasions both in Mississippi and in Tennessee.  According to Arton and Bohlke, Gamez also admitted that he had taken photos and videos of himself and T.G. having sex.  Gamez did not testify.

The district court instructed the jury that Gamez had been "charged in Counts 3 through 6 with knowingly transporting a minor across state lines with the intent to engage in illicit sexual activity."  The district court explained that in order to convict Gamez of this offense, the jury must find three elements to be proven beyond a reasonable doubt: (1) Gamez "knowingly transported the person named in the count of the indictment . . . in interstate commerce"; (2) "at the time of the transportation the person named in the indictment was less than 18 years of age"; and (3) "at the time of the transportation, [Gamez] intended that person would engage in sexual activity for which [he] could be charged with a crime."  The district court further explained that, under Tennessee law, a defendant is guilty of statutory rape if he has sexual intercourse with a minor under the age of 15 and if he is at least four years older than the minor.  Additionally, the district court instructed the jury that "[t]he term *to transport in interstate commerce* means to move or carry someone or call someone to be moved or carried from one state to another state."

3

No. 12-60982

The jury found Gamez guilty on Counts Three through Six but not guilty on Counts One and Two.  At sentencing, Gamez pointed out that his indicted offense, § 2423(b), did not match the statute listed in the indictment's penalty sheet.  Gamez stated that if he had known his sentence range was zero to 30 years rather than 10 years to life, he would have chosen to plead guilty rather than proceed to trial.  The prosecutor acknowledged that he had erroneously cited the wrong statute in the penalty sheet, but maintained that "[t]he indictment is what controls in the case."  The prosecutor also stated that he would not have allowed Gamez to plead guilty to only an offense with no mandatory minimum.  The district court attempted to remedy the error by awarding Gamez a two-point reduction for acceptance of responsibility that he had lost by going to trial.  Gamez's guidelines range was thereby reduced to 97 to 121 months, and the district court ultimately sentenced him to 120 months of imprisonment.

Gamez now appeals.  He first argues that because the district court instructed the jury on an offense different from his indicted offense, he was "tried and convicted on a charge for which he was never indicted," which violated his Fifth Amendment right to due process.  He also argues that the district court erred by admitting evidence of T.G.'s mental health treatment at trial, which he contends was irrelevant and prejudicial.  Finally, Gamez argues that his sentence is substantively unreasonable because the district court failed to award him a third point reduction for acceptance of responsibility.

## DISCUSSION

### I.     JURY INSTRUCTIONS

Because Gamez did not object to the jury instructions, we review for plain error. To demonstrate plain error, an appellant must show an error that is clear or obvious and that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  To show that an error affected his substantial

rights, an appellant must demonstrate a reasonable probability of a different result absent the error. *See United States v. Morin*, 627 F.3d 985, 998 (5th Cir. 2010). If the appellant makes such a showing, this court has the discretion to remedy the error, but should do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett*, 556 U.S. at 135.

Although Gamez suggests that he was "tried and convicted on a charge for which he was never indicted," this is inaccurate. The indictment charged Gamez with violations of § 2423(b), and the judgment shows that he was convicted and sentenced under § 2423(b). Moreover, the evidence introduced at trial forcefully proved that he satisfied the elements of § 2423(b). The problem is that the jury was instructed on the elements of the wrong offense – § 2423(a). However, even assuming this is an error that is clear or obvious, Gamez cannot show that it affected his substantial rights. Gamez makes no attempt to argue that the outcome of the trial would have been different had the correct jury instructions been given. Rather, he implies (but does not directly argue) that the prejudice requirement should be either assumed or waived.

The Supreme Court has explained that "a very limited class" of "structural" errors can never be considered harmless under the "harmless error" standard. *United States v. Marcus*, 560 U.S. 258, 263 (2010). The Court has never explicitly held, however, that such "structural" errors automatically satisfy the prejudice prong of the plain error standard. *See Puckett*, 556 U.S. at 140-41 (explaining that the Court has declined to resolve this question on several occasions). Even assuming that some "structural" errors are sufficiently fundamental as to relieve an appellant of the burden of showing prejudice on plain error review, we conclude that an error in instructing the jury on the elements of a charged offense is not such an error. In *Pope v.*

No. 12-60982

*Illinois*, 481 U.S. 497, 499-501 (1987), the petitioners were convicted under a state obscenity offense that employed an unconstitutional definition of "obscenity." The instructions to the jury likewise contained this definition. *Id.* However, the Court held that the convictions need not be reversed "if it can be said beyond a reasonable doubt that the jury's verdict . . . was not affected by the erroneous instruction." *Id.* at 502. In other words, "if a reviewing court concludes that no rational juror, if properly instructed," would have failed to convict the appellants, "the convictions should stand." *Id.* at 503. The Court added that "[t]o the extent that cases prior to [*Rose v. Clark*, 478 U.S. 570 (1986)] may indicate that a conviction can never stand if the instructions provided the jury do not require it to find each element of the crime under the proper standard of proof, . . . after *Rose*, they are no longer good authority." *Id.* at 503 n.7.

Assuming the jurors followed the instructions given, they concluded that Gamez had knowingly transported T.G. across state lines with the intent that she engage in sexual activity for which someone (*i.e.* Gamez) could be charged with a crime. The evidence introduced at trial showed, without contradiction, that Gamez had "transported" her across state lines by personally driving her, and that the "sexual activity for which someone could be charged with a crime" was, specifically, T.G. having sex with Gamez. Accordingly, by finding that the elements of § 2423(a) had been met, the jury necessarily found that the elements of § 2423(b) had also been met – that Gamez traveled in interstate commerce for the purpose of engaging in illicit sexual conduct with T.G. Accordingly, because we conclude beyond any reasonable doubt that the jury would have convicted Gamez if the correct instructions had been given, we hold that Gamez has not shown plain error.

## II.   EVIDENCE OF MENTAL HEALTH TREATMENT

Gamez argues that the district court erred by admitting irrelevant and prejudicial evidence of T.G.'s mental health treatment.   Because Gamez properly objected to the district court's admission of this evidence, we review the district court's ruling for abuse of discretion, which is heightened in a criminal case.   *United States v. Nguyen*, 504 F.3d 561, 571 (5th Cir. 2007). However, an error that does not affect the defendant's substantial rights may be excused as harmless, particularly when the other evidence of the defendant's guilt is "overwhelming."   *Id.*   The prosecution has the burden of proving beyond a reasonable doubt that an error was harmless.   *Id.*

In response to Gamez's objection, the prosecutor stated that he "want[ed] to get into the medication she is taking and whether it affects her ability to recall or perceive what happened."   The district court overruled the objection without explanation.   We do not consider whether the district court's ruling was erroneous because any possible error was clearly harmless.   T.G. briefly explained that she had been treated for mental health at a hospital at some point following her relationship with Gamez.   She stated that the hospital had prescribed Depakote (without explaining why it was prescribed), and that she was currently taking Abilify, a sleeping medication, and an anti-anxiety drug for post-traumatic stress.   At no point did T.G. blame her mental health problems on Gamez or even express anger toward him.   The evidence of Gamez's guilt was overwhelming, and we find no reasonable possibility that the jury's verdict was based on prejudice against Gamez rather than an honest assessment of the evidence.[3]

---

[3] We also note that the jury acquitted Gamez on Counts One and Two despite evidence that could have arguably supported a conviction; this hardly suggests prejudice toward Gamez.

No. 12-60982

### III.   ACCEPTANCE OF RESPONSIBILITY

Gamez argues that his sentence is substantively unreasonable because, in calculating his guidelines range, the district court failed to award him a third point reduction for acceptance of responsibility.  Because Gamez did not object to his sentence before the district court, we review for plain error.  An error in calculating the applicable guidelines range affects the procedural reasonableness of a sentence, not its substantive reasonableness.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  In his brief, Gamez does not even cite the applicable legal standard for awarding an additional point reduction for acceptance of responsibility.  Moreover, Gamez neither cites the factors we consider in reviewing the substantive reasonableness of a sentence nor attempts to apply them.  Gamez has therefore not shown that his within-guidelines sentence is either procedurally or substantively unreasonable.

### CONCLUSION

For the reasons explained above, we AFFIRM the judgment of the district court.